IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


REGINA CULLINS-WHITE                                        Plaintiff

v.                            4:07CV00663 JLH/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                    Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Regina Cullins-White, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the

Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability due to migraine headaches, lower back problems, kidney problems, tinnitus in her left ear, major

depression, carpal tunnel syndrome in her right hand and panic attacks.  (Tr. 146)  She testified that her biggest problem was endometriosis.  (Tr. 739)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time from June 30, 1997, her alleged onset date, through December 31, 2002, the date that she was last insured.[2]  (Tr. 25)  On June 25, 2007, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 8-10)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

---

[1] The Hon. Don Curdie.

[2] In order to receive Disability Insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status. 42 U.S.C. §§ 416(i), 423(c) (1991); Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998); Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990).

Plaintiff was 35 years old at the time of the most recent hearing.[3] (Tr. 760)  Therefore, she was 27 as of her alleged onset date. (Tr. 18)  She is a high school graduate. (Tr. 18, 735)  She received a Bachelor of Science Degree in Social Work. (Tr. 760-61)  She indicated an intention to obtain a Masters. (Tr. 756)  She has past relevant work as a optometrist's assistant in the military, a restaurant server and a fast food worker. (Tr. 25, 27)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i) (2004).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at § 404.1520(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id.,

_____

[3]There had been a hearing in August of 2000 which led to a denial of her claim and eventually to an Appeals Council remand. (Tr. 691-724, 448-51)  There was a second hearing in September of 2002, which Plaintiff did not attend. (Tr. 725-31)  The Appeals Council vacated the ALJ's dismissal and remanded. (Tr. 474-76)

§ 404.1520(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id., § 404.1520(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  Id., § 404.1520(a)(4)(iv).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id., § 404.1520(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff was insured for the purpose of Disability Insurance benefits only through December 31, 2002.  (Tr. 17, 26)  He found that she had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 18, 26)  He found that she had borderline bilateral carpal tunnel syndrome, migraine headaches, posttraumatic stress disorder and a mood disorder, "severe" impairments, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  Id.  He judged that Plaintiff's allegations regarding her limitations were not fully credible.  (Tr. 26)

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of unskilled light work.  (Tr. 26-27)  He

determined that she was unable to perform any of her past relevant work.  (Tr. 25)  The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work.  Id.  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, small parts assembler.  Id.  Consequently, the ALJ concluded that Plaintiff was not disabled at any relevant time.  Id.

Plaintiff contends that the ALJ erred by basing his credibility determination solely on the medical evidence.  (Appeal Brief at 5)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> > 1.  the claimant's daily activities;
> >
> > 2.  the duration, frequency and intensity of the pain;
> >
> > 3.  precipitating and aggravating factors;
> >
> > 4.  dosage, effectiveness and side effects of medication;
> >
> > 5.  functional restrictions.

> The adjudicator is not free to accept or reject the
> claimant's subjective complaints <u>solely</u> on the basis of
> personal observations. Subjective complaints may be
> discounted if there are inconsistencies in the evidence as
> a whole.

<u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984)(emphasis in
original).

Plaintiff's argument lacks merit. The ALJ specifically
discussed her activities of daily living. (Tr. 22) He discussed the
duration, frequency and intensity of her alleged pain and
precipitating and aggravating factors. <u>Id.</u> He discussed the dosage,
effectiveness and side effects of her medications. <u>Id.</u> He discussed
her ability to function. (Tr. 19, 24) The ALJ is not required to
discuss each <u>Polaski</u> factor as long as the analytical framework is
recognized and considered. <u>Pelkey v. Barnhart</u>, 433 F.3d 575, 578
(8th Cir. 2006); <u>Tucker v. Barnhart</u>, 363 F.3d 781, 783 (8th Cir.
2004). It is clear that the ALJ did not base his credibility
determination solely on the medical evidence.

Next, Plaintiff argues that the ALJ limited his credibility and
residual functional capacity determinations only to her physical
limitations, not mental. (Br. 5-6) That argument also lacks merit.
The ALJ discussed Plaintiff's educational accomplishments and her
intent to pursue a Masters Degree. (Tr. 18) He found that she had
"severe" mental impairments, including posttraumatic stress disorder
and a mood disorder. <u>Id.</u> He noted her testimony of major
depression, panic attacks and blackouts. (Tr. 19) He noted that she
left the U.S. Navy after having been found to have a major depressive

7

disorder, recurrent, severe, without psychotic features, and posttraumatic stress disorder. (Tr. 20)  He noted her history of outpatient and inpatient mental health treatment. (Tr. 20-21)  He went through the Psychiatric Review Technique. (Tr. 22-23)  He specifically included mental restrictions in his residual functional capacity determination:

> Mentally, she would be capable of performing work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience; several variables; uses judgment with limits; and supervision required is little for routine tasks but detailed for non routine tasks. That mental residual functional capacity is consistent with the performance requirements of unskilled work.  She does not have any other additional significant postural limitations, manipulative limitations, environmental limitations or other mental restrictions.

(Tr. 24)

The ALJ also included mental restrictions in his hypothetical questions to the vocational expert. (Tr. 762)

Next, Plaintiff contends that the ALJ's credibility determination was inadequate because he failed to note that Plaintiff had a reasonably strong and consistent work record. (Br. 8)  The ALJ did not mention her prior work record in his credibility discussion other than mentioning her past relevant work.

The ALJ's failure to analyze subjective complaints in light of every consideration dictated by Polaski is not necessarily fatal error.  See Melton v. Apfel, 181 F.3d 939, 941 (8th Cir. 1999)(even though not considered, past relevant work only one of many considerations upon which ALJ could discount subjective complaints).

Furthermore, Plaintiff's characterization of her work record as reasonably strong and consistent is perhaps overly generous.  Once she left the Navy, she had a series of brief, low-paying positions. (Tr. 483-87)

Plaintiff also suggests that the ALJ "may have" impermissibly relied on an one-time consultative examination by a psychologist. (Br. 8)  Plaintiff points to nothing in the ALJ's opinion which might support such a suggestion.  The ALJ does not cite that psychologist's findings or mention him, by name or otherwise.  There is nothing in the record which supports Plaintiff's argument.  Such a failure to cite to the record in support of an argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.  As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers.  Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop

issue sufficiently to invoke appellate review); <u>Hartmann v.
Prudential Ins. Co. of America</u>, 9 F.3d 1207, 1212 (7th Cir. 1993)
(failure to press a point, even if mentioned, and to support it with
proper argument and authority forfeits it) (Posner, C.J.); <u>SEC v.
Thomas</u>, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that
appellant claiming error as to factual determination provide court
with essential references to record to carry burden of proving
error); <u>Leer v. Murphy</u>, 844 F.2d 628, 635 (9th Cir. 1988) (issues
raised in brief which are not supported by argument are deemed
abandoned).

Finally, Plaintiff argues that the ALJ gave "short sh[r]ift" to
the findings by the Department of Veterans Affairs that Plaintiff was
100% disabled.  (Br. 10-12)  The ALJ did address the findings by the
VA:

> The previous determination by the Veterans Administration
> that the claimant is entitled to benefit payments based on
> service-connected disabilities has also been considered.
> However, the definitions of disability are not the same in
> all government programs and each government agency must
> follow the particular laws that apply to their respective
> disability programs.  Therefore, a finding by another
> government agency (such as the Veterans Administration)
> that a person is disabled would not necessarily mean that
> the person meets the disability requirements of the Social
> Security Act.  Further, the legal determination of
> disability under the Social Security Act is reserved
> exclusively for the Social Security Administration, and a
> finding of disability from another agency is not binding on
> it.  At the discretion of the Commissioner, the
> Administrative Law Judge is solely assigned the ultimate
> task of determining the question of whether the claimant's
> medical condition is so severe that she is prevented from
> doing any productive work and meets the legal definition of
> "disability" (20 C.F.R. 404.1527 and/or 416.927).

(Tr. 24)

In its Rating Decision, the Department of Veterans Affairs relied heavily on Plaintiff's inability to make progress toward a degree:

> Entitlement to individual unemployability has previously been denied. Denial was based on the veteran being considered capable of gainful employment. At the time of the denial, the veteran was attending college full time and had previously been employed at the VA as a work[]study. Report of VA examination conducted 5/26/99 shows the veteran not attending college since the fall semester of 1998 because of health problems. Report of contact dated 7/22/99 shows that the veteran has re-entered college. However, she is only enrolled for three semester hours, attends five days a week for 1 ½ hours per day, and has already missed ten days due to her health problems. She has only 20 semester hours towards a degree. Even though the veteran is attempting to return to college, her attendance record indicates that her disabilities continue to impact her ability to maintain progress towards a degree program. She does not work and has not worked full time since release from the service. She is now considered permanently and totally disabled from her service-connected disabilities.

(Tr. 161-62)

The ALJ specifically discussed Plaintiff's having attained a Bachelors Degree in Social Work and her intention to obtain a Masters Degree in Social Work. (Tr. 18, 19, 23, 27) The ALJ considered and discussed the evidence on which the VA determined that Plaintiff was unemployable; his analysis of the VA determination was sufficient. Pelkey v. Barnhart, 433 F.3d at 579-80.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his

findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  <u>E.g.</u>, <u>Maps v. Chater</u>, 82 F.3d 259, 262 (8th Cir. 1996); <u>Pratt v. Sullivan</u>, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see</u> <u>also</u> <u>Reutter ex rel. Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this ___29___ day of May, 2008.


_____
UNITED STATES MAGISTRATE JUDGE